UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REGINALD S. ROBERSON,**
        **Plaintiff,**
    v.                                      Civil Action 1:22-cv-2236
                                              Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Chelsey M. Vascura
**JUDGE MARK BETLESKI,** *et al.*,
        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation, in which she performed an initial screen under 28 U.S.C. § 1915A and recommended that this action be dismissed for failure to state a claim on which relief may be granted. (ECF No. 9.) Plaintiff filed an Objection (ECF No. 10). For the reasons set forth below and in the Magistrate Judge's Report and Recommendation, Plaintiff's Objection is **OVERRULED**, the Report and Recommendation is **ADOPTED,** and this action is **DISMISSED** for failure to state a claim upon which relief can be granted.

**I.**

Plaintiff, Reginald S. Roberson, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against several judges and magistrate judges of the Court of Common Pleas for Lorain, County, Ohio, and the District Court for the Northern District of Ohio, alleging that Defendants violated Plaintiff's constitutional rights while presiding over his underlying criminal and habeas proceedings. (Compl., ECF No. 1.) The matter came before the Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to ascertain whether she should recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## II.

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prison rs from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

### III.

Plaintiff alleges that Defendants violated his rights under the Ohio and United States Constitutions when they applied incorrect legal standards, due to oversight or deliberate indifference, while presiding over Plaintiff's underlying criminal and habeas proceedings. (Compl., ECF No. 1.)

The Magistrate Judge correctly applied the law to the facts in her analysis:

> All of Plaintiff's claims must be dismissed. No matter how liberally the Court construes Plaintiff's Complaint, Defendants are entitled to judicial immunity. Judicial officers are entitled to absolute immunity from civil liability when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or
> if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction").
>
> Plaintiff's Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial immunity apply to exempt the judges he names. Instead, it appears that Plaintiff merely disagrees with the rulings reached by Defendants in his criminal and habeas proceedings. These rulings fall squarely within the Defendants' judicial capacity and therefore fall squarely within the immunity afforded to judicial officers. Accordingly, Plaintiff fails to state a claim on which relief may be granted.

(Report and Recommendation at 4–5, ECF No. 9.)

Plaintiff objects, arguing that the Magistrate Judge improperly "replace[d] the word 'or' with the word 'and'" in § 1915A, which then necessitated dismissing his case. In other words,

3

Plaintiff contends, whether the Magistrate Judge identified a cognizable claim or not she interpreted the statute to require dismissal.

This Court disagrees. The statute requires a court to identify a cognizable claim **or** dismiss the complaint. The Magistrate Judge here could not identify a cognizable claim. The statute thus required her to recommend dismissal of the complaint for failure to state a claim. This Court, in its *de novo* review of the briefing agrees with the Magistrate Judge, her correct analysis and conclusion, and **ADOPTS** the Report and Recommendation in full.

**IV.**

For the foregoing reasons, the Court **CERTIFIES**, pursuant to Appellate Rule 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), that any appeal of this action would not be taken in good faith, Plaintiff's Objection (ECF No. 10) is **OVERRULED**, the Report and Recommendation (ECF No. 9) is **ADOPTED**, this action is **DISMISSED**. The Clerk is **DIRECTED** to **ENTER JUDGEMENT** in favor of Defendants and to **CLOSE** this case.

IT IS SO ORDERED.


**8/10/2023**                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**